UNITED  STATES  DISTRICT  COURT
SOUTHERN  DISTRICT  OF FLORIDA

Case No. 19-20764-CR-MIDDLEBROOKS/MCALILEY

UNITED  STATES  OF AMERICA,

     Plaintiff,

v.

NOEMI  ELIZABETH  SANCHEZ,

     Defendant.

_____/

## REPORT  AND RECOMMENDATION  ON CHANGE OF PLEA

     The  Honorable  Donald  M. Middlebrooks  referred  this  matter  to me  to conduct  a change  of plea  hearing  for the Defendant  Noemi  Elizabeth  Sanchez. (ECF No. 17). I held that  hearing  on January  8, 2020,  and for the following  reasons  recommend  that the Court accept  Defendant's  plea  of guilty.

     1.    At the outset  of the hearing,  I told  Defendant  of her right  to have  these proceedings  conducted  by the Judge  Middlebrooks,  the presiding  District  Court Judge.  I also advised  Defendant  that Judge  Middlebrooks  would  sentence  Defendant,  and make  all findings  and rulings  concerning  the Defendant's  sentence.

     2.    Defendant  was made  aware  that she did not have  to permit  this Magistrate Judge  to conduct  this  hearing  and could  request  that the change  of plea  hearing  be conducted  by Judge  Middlebrooks. Defendant,  Defendant's  attorney  and the Assistant

United States Attorney all agreed on the record and consented to my conducting the change of plea hearing.

3.      I conducted the plea colloquy with Defendant in accordance with Federal Rule of Criminal Procedure 11.

4.      The parties entered into a written plea agreement and had that document with them at the hearing; the plea agreement was thereafter filed with the Court. I reviewed that plea agreement on the record and Defendant acknowledged that she carefully read that agreement, signed it, and agreed to its terms. Pursuant to that agreement, Defendant pled guilty to Count 1 of the Indictment, which charges Defendant with conspiracy to possess with intent to distribute one kilogram or more of heroin, and 400 grams or more of fentanyl, in violation of Title 21, United States Code, Section 846. (ECF No. 7). The government agrees to seek dismissal of the remaining counts of the Indictment, as to this defendant, after sentencing.

5.      The parties also agreed to a written factual proffer, and had that document with them at the hearing. This too was later filed with the Court. Defendant said that she read that factual proffer, and agreed to its accuracy; she also confirmed that she signed it. Government counsel identified all of the essential elements of the offense to which the Defendant plead guilty, including any sentencing enhancements and/or aggravating factors that may be applicable. Defendant also explained how she committed the crime charged in Count 1. I found that a factual basis exists for Defendant's plea of guilty. Defendant was also advised of the statutory maximum penalties. Defendant acknowledged that she

understood these possible penalties, including the mandatory minimum ten (10) year period of imprisonment, unless Defendant meets the requirements for the statutory safety valve as defined in Title 18, United States Code, Section 3553(f), and maximum period of life imprisonment.

6.     Based upon the foregoing, and the statements and findings at the plea colloquy which I incorporate into this Report and Recommendation, I find that Defendant was competent and capable of entering an informed plea, and that her guilty plea was knowing and voluntary and has factual support. I recommend that the Court adopt these findings, and adjudicate Defendant guilty of Count 1 of the Indictment.

7.     The U.S. Probation Office will prepare a pre-sentence investigation report, and the Defendant was advised that her **sentencing has been scheduled for March 10, 2020, at 11:30 a.m., before the Honorable Donald M. Middlebrooks, at the James Lawrence King Federal Justice Building, 99 N.E. Fourth Street, Courtroom 1155, Miami, Florida, 33132**.

Accordingly, I **RECOMMEND** that the Court accept Defendant's plea of guilty, adjudicate Defendant guilty of Count 1 of the Indictment, and that a sentencing hearing be conducted for final disposition of this matter.

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Donald M. Middlebrooks, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those

objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), 28 U.S.C. § 636(b)(1); Fed.R.Crim.P. 59(b), 11th Cir. R. 3-1 (2016).

  **RESPECTFULLY RECOMMENDED** this 8th day of January, 2020, at Miami, Florida.

CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Donald M. Middlebrooks
   Counsel of record